UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| YAEKO SCOTT, ET AL. | CIVIL ACTION |
| VERSUS | NO: 13-0281 |
| KONE, INC., ET AL. | SECTION: "F" (4) |

**ORDER**

Before the Court is a **Motion to Fix Attorney Fees (R. Doc. 23)**, filed by Defendant, Kone Inc., et al. ("Kone") in accordance with this Court's Order granting Defendant's Motion to Compel and awarding attorney fees (R. Doc. 22) issued on October 9, 2013. The motion is opposed. (R. Doc. 37). The motion was noticed for submission on November 20, 2013.

**I.     Background**

This action was removed to the Eastern District of Louisiana on February 14, 2013, based on diversity of citizenship. *See* R. Doc. 1, p. 1-2. Plaintiffs originally filed the instant lawsuit against Defendants in the Twenty-Fourth Judicial District for the Parish of Jefferson, State of Louisiana, on December 19, 2012, alleging that "on or about December 22, 2011, Plaintiff, Yaeko Scott, was employed by a staffing service and was assigned to work at East Jefferson General Hospital." *See* R. Doc. 1-3, p. 1-2, ¶ 3. Plaintiff alleges that when "he entered an elevator at the hospital, while in the course and scope of her employment," he allegedly sustained "serious and disabling injuries when the elevator violently fell then stopped between floors, suddenly and without warning." *Id.* at ¶ 4-6.

As to the instant motion, Defendant, Kone, Inc., filed a Motion to Compel Discovery of

Plaintiff on August 28, 2013. (R. Doc. 19). In this motion, Kone argued that it propounded Interrogatories, Requests for Production of Documents and Things, and Requests for Admissions to Plaintiffs, Yaeko Scott and James Dixon, on February 14, 2013, for which Plaintiffs failed to respond. *See* R. Doc. 19-3, p. 1. On October 9, 2013, this Court granted the motion to compel, and ordered Kone to submit a motion to fix attorney fees. (R. Doc. 22).

As directed by this Court, Kone filed the instant motion to fix attorney fees on October 28, 2013, seeking to recover for 2.2 hours associated with the filing of the underlying motion to compel, providing the Court with an affidavit of David Gold. (R. Doc. 23-3). The motion is opposed. (R. Doc. 37). In support of its opposition, counsel for Plaintiffs states that he failed to oppose the motion to compel because he was required to be out of the office for some time due to serious health conditions of his parents, and requests the Court deny the attorney fee. *Id.* at 1-2.

The instant motion was noticed for submission on November 20, 2013, and heard on the briefs that date.

## II.  **Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir.1990).

### III.   Analysis

#### A.   Calculating a Reasonable Hourly Rate

The fee application submitted by Kone seeks to recover 2.2 hours of attorney work at a rate of $200.00 per hour for attorney David M. Gold ("Gold") and paralegal Lindsey Kenning ("Kenning"). *See* R. Doc. 23-3. In support of the rate of David Gold, Kone submits his affidavit ("Gold Affidavit"). *Id.*

In opposition, counsel for Plaintiffs request that this Court deny the attorney fee motion, as his failure to timely communicate and oppose Kone's motion were due to serious medical conditions of both of his parents. As such, he requests the Court deny Kone's fee application in totality. (R. Doc. 37, p. 1-2).

Attorney's fees must be calculated at the "prevailing market rates in the relevant community

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. However, mere testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience).

### 1. David Gold's Entries

Gold's Affidavit states that he graduated from Brooklyn Law School in 1991, and practiced in New York until 1996. *See* R. Doc. 23-3, p. 1. In 1996, Gold states that he moved to Louisiana and passed the bar there as well. *Id.* He states that he also became licensed to practice in the state and federal courts of Louisiana in 1996, and has practiced here continuously since then. *Id.* He states that he began practicing in elevator litigation in 2003, and has handled over 100 cases in this field. *Id.*

at 2. He states that based on his experience and the special nature of elevator litigation, $200.00 per hour is a reasonable rate, as it is comparable to similarly experienced attorneys in the area who also handle and/or specialize in elevator litigation. *Id.* at 2. Therefore, Gold states that a rate of $200.00 per hour in this matter is reasonable. *Id.*

In considering the issue of whether the rate charged is reasonable, the Court looks to case law regarding similarity of years of experience, in comparison to this rate to the prevailing market rates for legal services in the greater New Orleans. For example, area from the applicable case law, the Court concludes that a rate of $200.00 per hour is reasonable, as Gold has been practicing for approximately 22 years. *See Prime Insurance Syndicate, Inc. v. Jefferson*, 547 F. Supp. 2d 568, 579 (E.D. La. 2008) (awarding attorney with 25 years of experience rate of $265 per hour); *Combe v. Life Insurance Co.*, No. 06-8900, 2008 WL 544547, at *3 (E.D. La. June 5, 2006), *rev'd on other grounds*, 334 F. App'x 596 (5th Cir. 2009) (finding that rate of $250 for attorney with twenty years' experience and particularized expertise was reasonable); *Hebert v. Jefferson Parish School Board*, No. 10-2904, 2012 WL 1014997, at *2 (E.D. La. Mar. 21, 2012) (finding that rate of $295 per hour was appropriate for attorney with eighteen years of experience). Therefore, the Court finds that Gold's rate of $200.00 per hour is reasonable.

### 2. Lindsey Kenning's Entries

Gold's affidavit also states that several entries in its attached billing invoice labeled "LLK" were performed by paralegal Lindsey Kenning ("Kenning"). *See* R. Doc. 23-3, p. 2. Gold's affidavit however, provides no testimony or evidence attesting to the education, background or skill of Kenning. Accordingly, the Court finds that for failing to provide adequate documentation attesting to the education, background and skill of Kenning, all billing entries attributed to LLK are

disallowed. [2]

### B. Determining the Reasonable Hours Expended

In support of its motion, Kone submits a copy of the Gold's billing entries for the Motion to Compel. *See* R. Doc. 23-3, pp. 4-5. The billing invoice submitted lists thirteen billing entries:[3] "(1) 8/26/13 – Draft Motion to Compel . . . (.4 hours); (2) 8/28/13 – Final Review and revision of Motion to Compel . . . (.2 hours); (3) 8/29/13 – Review correspondence from clerk regarding hearing on motion to compel. . . (.1 hours); (4) 9/16/13 – Multiple telephone conferences . . . regarding status of Motion to Compel . . . (.2 hours); (5) 10/02/13 – Review Correspondence from Clerk regarding hearing on Motion to Compel . . . (.1 hours); (6) 10/02/13 – Analysis of Order issued on hearing on Motion to Compel. . . (.1 hours); (7) 10/02/13 – Analysis of pleadings, discovery, and correspondence in connection with hearing on Motion to Compel (.3 hours); (8) 10/03/13 – Telephone Conference with counsel for plaintiff regarding hearing on Motion to Compel (.2 hours); (9) 10/15/13 – review correspondence from clerk regarding Order issued on Motion to Compel (.1 hours); (10) 10/15/13 – Analysis of order issued on motion to compel (.1 hours). *Id.*

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir.1996). Attorneys exercise "billing judgment" by excluding time that is, *inter alia*, inadequately

---

[2] *See* R. Doc. 23-3, pp. 4-5: 7/18/13 – .2; 8/29/13 – .1; 10/14/13 – .1.

[3] Three of these entries were billed by "LLK" which the Court has determined will be disallowed for failing to provide adequate documentation. Therefore, the Court's line-by-line analysis shall be only over the remaining ten entries billed by "DMG."

documented when seeking fee awards. *Walker*, 99 F.3d at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).

Of the thirteen entries, three of which were disallowed for reasons provided in detail above, the Court finds that the remaining ten entries are "reasonable" as documented and need not be reduced. Therefore, the Court finds that the 1.8 hours Gold seeks recovery thereof is reasonable. Although the Court is mindful of counsel for Plaintiffs' serious familial obligations, the filing of Plaintiffs' opposition to Kone's underlying motion, filed on November 12, 2013, was when the Court first became apprised of this situation. Because counsel for Plaintiffs did notify opposing counsel or the Court of this situation until November 12, 2013, the Court finds that attorney fees are warranted. Therefore Kone is entitled to an award of 1.8 hours in attorney's fees at the rate of $200.00 per hour, totaling $360.00.

### 3. Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson,* 488 F.2d at 717-19. To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted. Accordingly, Kone is entitled to attorney's fees of $360.00.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Kone, Inc.'s **Motion to Fix Attorney's Fees on Motion**

to Compel (**R. Doc. 23**) is **GRANTED**. The Court finds that a total amount of $360.00 in fees is reasonable in the matter here.

**IT IS FURTHER ORDERED** that Plaintiffs shall satisfy his obligation to Kone no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 20th day of November 2013

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**